**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **KURBY GERALD DECKER,** | § | |
| **TDCJ No. 594703,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:19-cv-00079-O-BP** |
| | § | |
| **BOBBY LUMPKIN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This habeas corpus case was referred to the undersigned automatically pursuant to Special Order 3 on July 5, 2019. ECF No. 8. Petitioner Kurby Gerald Decker ("Decker"), an inmate confined in the Estelle Unit of the Texas Department of Criminal Justice ("TDCJ") in Huntsville, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF Nos. 1, 28. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Decker's Petition for Writ of Habeas Corpus (ECF No. 1).

**I.    FACTUAL BACKGROUND**

In his petition, Decker challenges disciplinary action no. 20190141573 that was taken against him at the Carole S. Young Medical Facility of the TDCJ in Dickinson, Texas on February 25, 2019. ECF No.1 at 5. In the disciplinary proceeding, Decker was found guilty of the offense of "attempting to establish an inappropriate relationship with a staff member, approved volunteer, or contract employee," a Level 2, Code 30.1 violation. ECF Nos. 21 at 4; 20-4 at 2; *see* TDCJ-CID Disciplinary Rules and Procedures for Offenders, available at http://www.tdcj.state.tx.us/ documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf, Attachment B

(last visited June 4, 2021) ("Disciplinary Rules"). As a result of the disciplinary proceeding, Decker lost fifteen days of good-time credit, had a reduction in line class status to L1, and received 60 days restriction on commissary and telephone privileges. ECF No. 1 at 5; 21 at 5.

In support of his petition, Decker claims:

1. there was insufficient evidence to support a finding of guilt;

2. he was not provided twenty-four hour notice of a supplemental charge;

3. the disciplinary hearing officer ("DHO") was biased, not impartial, and lacked authority;

4. he was denied four primary witnesses— Susan Pattison, Corrections Officer Pandy, Sergeant Ivy, and Corrections Officer Reed—for no legitimate reason, was denied an in-person confrontation of the charging officer, and had all of his questions to the charging officer denied;

5. there is insufficient evidence to support a finding of guilt as demonstrated by (a) the DHO stopping the recorder to conceal exculpatory evidence, (b) the DHO injecting his testimony into the record when Pattison admitted on tape that she lied with false accusations, and (c) allegations do not meet the requirement for a 30.1 offense;

6. the DHO was not impartial because he investigated the disciplinary hearing offense;

7. the 30.1 offense is void for vagueness as applied and fails to give notice adequate for due process;

8. he was racially discriminated against because both the DHOs and substitute counsel were Black; and

9. his substitute counsel was ineffective for failing to adequately investigate and communicate with Pattison.

2

ECF No. 1 at 6-9.

II.     **ANALYSIS**

A.     **Decker's claims regarding his disciplinary case are not exhausted.**

At the outset, the Court must determine whether Decker has exhausted his state administrative remedies. The Fifth Circuit requires that Texas prisoners exhaust the TDCJ grievance process before seeking federal habeas corpus review of disciplinary matters. *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993) (citations omitted). To exhaust his remedies with respect to the disciplinary action, Decker was required to present sufficient facts in support of his claims in both steps of the grievance process. *See Johnson v. Johnson*, 385 F.3d 503, 517-18 (5th Cir. 2004); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The record reflects that Decker did not file a second-step grievance regarding any of the claims he now asserts. *See* ECF No. 20. Additionally, Decker did not present any facts in his first-step grievance sufficient to support his claim of racial discrimination or that the DHO was biased because he investigated the offense. ECF No. 20-2 at 3-4. Accordingly, Decker did not exhaust his administrative remedies with respect to each of his claims because he did not file a second-step grievance, and these claims are not properly before the Court.

Decker claims that TDCJ officials prevented him from exhausting his administrative remedies because they threw away his second-step grievance. ECF No. 1 at 6. Decker asserts that when prison staff prevent the petitioner from exhausting his remedies the court should deem them exhausted. ECF No. 27 at 3 (citing *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982)). However, Decker has not offered any evidence to support his allegation that his second-step grievance was discarded. Instead, he makes conclusory allegations that are "insufficient to raise a constitutional issue." *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Additionally, Decker's allegations do not explain how he has personal knowledge of the facts, and consequently the Court views these

allegations as "speculative and incredible." *Young v. Herring*, 938 F.2d 543, 560 (5th Cir. 1991). Therefore, his claims remain unexhausted and are not properly before the Court.

> **B.      Even if he had exhausted his administrative remedies, Decker had no constitutionally protected interest in his line class status or his commissary and telephone privileges.**

Decker has no constitutionally protected interest in his line class status, also known as his good time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent Decker's custodial classification was to improve in the future, the reset of his S3 classification or change in his custody classification does not warrant due process protection.

Additionally, losses of commissary and telephone privileges are changes in the conditions of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardships in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Decker do not raise such concerns. For these reasons, Decker's loss of these privileges fail to state a claim.

**C.    Decker's remaining claims fail on their merits.**

Because Decker did not assert racial discrimination or DHO bias due to investigation of the original charge in his step-one grievance, these claims are not properly before the Court and will not be addressed. Decker's remaining claims, even if they had been exhausted, fail on the merits.

1.    *The minimum procedures required by the Due Process Clause were met.*

When a prisoner has a protected liberty interest in the loss of accrued good-time credits, the revocation of those credits must comply with the minimum procedures required by the Due Process Clause. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). These requirements include: (1) written notice of the charges must be given to the defendant at least twenty-four hours before the hearing; (2) the defendant must be able to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken must be given to the defendant. *Id.* at 564-66.

Here, all three requirements were met. First, Decker had more than twenty-four hours notice of his hearing. He was notified of his charge on February 12, 2019, at 9:45 a.m. ECF No. 20-4 at 2. His hearing was then held on February 25, 2019, at 3:53 p.m. *Id.* Since Decker received more than twenty-four hours notice of his hearing, the first requirement was satisfied.

Second, Decker had the opportunity to present evidence relevant to the charge. *Id.* at 5, 8. Decker argues that he was not allowed to call four witnesses: Pattison, Correction Officer Pandy, Sergeant Ivy, and Corrections Officer Reed. ECF No. 1 at 7.  However, the DHO did not deny Pattison as a witness, but did deny the other witnesses because he found their proposed testimony would be irrelevant to the charge. ECF No.  20-4 at 2, 5. The DHO allowed Pattison to testify remotely, instead of in person, and Decker was able to question her during the hearing. *Id.*

The DHO's denial of Decker's request to present the three witnesses did not violate his due process rights. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (citing *Wolff*, 418 U.S. at 566). The DHO was within his authority to deny as irrelevant Decker's request to call the witnesses, and he was not required to state his reasons for refusing the evidence. *Id.* Furthermore, Decker was permitted to question Pattison, the accusing officer, though the DHO denied some of the questions because he deemed them irrelevant to the disciplinary action. ECF No. 20-4 at 2, 5. Therefore, despite not being allowed to present the testimony of the three witnesses, Decker was able to present relevant documentary evidence and testimony. Thus, the second requirement was met.

Finally, Decker received a written statement of the DHO's decision and the evidence that he relied upon to reach that decision. The Administrative Record reflects that Decker was provided a written statement of his decision. ECF No. 20-4 at 2. Therefore, the third requirement was fulfilled.

2.    *Sufficient evidence supports the DHO's finding that Decker committed the alleged offense.*

It is not the Court's duty to retry all prison disciplinary disputes, but instead the Court must decide whether "any evidence at all" supports the actions taken by the prison officials. *Smith*, 659 F.2d at 545 (citation omitted). Based upon a review of the record, the Court concludes that evidence supports the actions taken by the prison officials. The DHO considered Pattison's offense report and her testimony. ECF No. 20-4 at 2-4. The DHO found that evidence supported Pattison's testimony that Decker attempted to establish an inappropriate relationship with her. ECF No. 21 at 25. The evidence, including Decker's substitute counsel's hearing notes, do not support Decker's allegations that the DHO "stopped the recording to conceal exculpatory evidence." ECF Nos. 20-4 at 8, and 1 at 6. Additionally, the evidence does not support Decker's claim that Pattison lied. Decker bases this claim on Pattison's answer that Decker did not ask her to engage in a sexual

6

affair with him. ECF No. 1 at 6-7. However, Pattison's testimony and the evidence provided indicate that Decker's overall behavior was sufficient to prove a violation of offense 30.1. ECF No. 20-4 at 3-5.

Finally, the evidence does not support Decker's allegation that the facts do not amount to a 30.1 offense. To prove a violation of Rule 30.1, TDCJ must show four elements: (1) an attempt to establish any type of personal relationship, (2) the relationship must be inappropriate, (3) the relationship must be with a staff member, and (4) that inappropriate relationship must either (a) jeopardize TDCJ security, (b) have the potential to jeopardize TDCJ security, or (c) compromise the effectiveness of the staff member, volunteer, or contract employee. Disciplinary Rules, Rule 30.1. The pattern of behavior described in the offense report and the testimony in the record evidence Decker's continuous attempt to create a sexual relationship with Pattison, which satisfies the first three elements of the offense. ECF No. 20-4 at 3, 5. Additionally, Pattison testified that she felt "uncomfortable" and "afraid" because of Decker's behavior. *Id.* at 3. This behavior compromised Pattison's effectiveness at work. ECF No. 21 at 25. Therefore, Decker's conduct met all four elements of a 30.1 offense. As the DHO based his decision on "some evidence" of guilt, any challenge to the sufficiency of the evidence must fail. *See White v. Jenkins*, 735 F. App'x 855, 856 (5th Cir. 2018) (citing *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001)).

3.    *The DHO's decision did not demonstrate unconstitutional bias.*

Decker claims that the DHO's decision was unconstitutionally biased. ECF No. 1 at 6. To demonstrate a claim of unconstitutional bias, a petitioner must show "that the actions taken 'present[ed] such a hazard of arbitrary decision making that it should be held violative of due process of law.'" *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009) (quoting *Wolff*, 418 U.S. at 570). While an official involved in the investigation of a claim may violate due process, that conflict is not inherent. *Adams v. Gunnell*, 729 F.2d 362, 370 (5th Cir. 1984).

Decker makes various claims that the DHO generally was biased throughout his hearing, which mirror the individual claims he makes in his petition. ECF No. 21 at 28. Specifically, these claims include that Decker did not have notice, Decker's witnesses and questions were not presented at the hearing, the DHO stopped the recording, and the conduct described did not meet the criteria for a 30.1 offense. ECF No. 1 at 6-9. These claims are conclusory and do not find support in the record. Moreover, they are duplicative of the claims made elsewhere in the petition, which are not valid and are addressed separately in these findings, conclusion, and recommendation. Therefore, the Court should dismiss them. *See Koch*, 907 F.2d at 530.

4.    *Decker has not raised a cognizable claim for ineffective substitute counsel.*

Decker claims his counsel in the disciplinary proceeding was ineffective because he failed to investigate Decker's allegation that Pattison was coerced. ECF No. 1 at 9. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). The Supreme Court has held that "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) (citing *Wolff*, 418 U.S. at 570). There is no constitutional violation on which habeas relief can be granted based on ineffective assistance of counsel under these circumstances. *Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976). Because Decker did not have a right to counsel at his disciplinary hearing, there was no cognizable constitutional claim for ineffective substitute counsel.

5.    *Rule 30.1 is not unconstitutionally vague as applied to Decker.*

Finally, Decker argues that TDCJ Rule 30.1 is unconstitutionally vague as applied to him because it does "not encompass asp[i]rational statements," and therefore he did not have notice that his conduct was not allowed. ECF No. 1 at 9. The Fifth Circuit has held that prison disciplinary rules must give "reasonable and fair notice." *Gibbs v. King*, 779 F.2d 1040, 1045 (5th Cir. 1986).

8

However, the courts are more lenient in the use of general terms because there is a need in the prison setting "for control and discipline." *Id.* at 1046. The regulations must give the inmate "a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). However, Rule 30.1 was not unconstitutionally vague as applied to Decker because he was not punished for his "asp[i]rational statements," but for comments and conduct that jeopardized Pattison's ability to perform her job. ECF No. 20-4 at 3. The rule as written gave Decker fair notice of what conduct it prohibited, and therefore Decker's claim that the rule was unconstitutionally vague as applied to him fails. *Ferguson v. Estelle*, 718 F.2d 730, 735 (5th Cir. 1983).

## III.   CONCLUSION

Because Decker did not exhaust his state administrative remedies, state a colorable habeas claim as to reduction of his line class and restriction of his commissary and telephone privileges, or show that his claims had merit, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Decker's Petition for Writ of Habeas Corpus (ECF No. 1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** on June 4, 2021.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE